IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS THOMPSON, | ) |
|     Plaintiff, | ) ) ) |
| v. | )     Case No.   22-cv-436-RJD ) |
| KIMBERLY MARTIN, et al., | ) ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). Plaintiff alleges he suffers from several health conditions that cause severe chronic pain and staff at Menard failed to administer his medications and coordinate his medical appointments. Following a threshold review of Plaintiff's complaint, he was able to proceed on the following claims:

> Count One:    Eighth Amendment claim of deliberate indifference against Kimberly Martin and Anthony Wills for failing to provide the prescribed pain medication for Plaintiff's multiple back and shoulder injuries.
>
> Count Two:    Eighth Amendment claim of deliberate indifference against Angela Crain, Kimberly Martin, and Anthony Wills for failing to schedule and provide the epidural steroid spine injection that was prescribed by Plaintiff's orthopedist.
>
> Count Three:    State law medical malpractice and negligence claim against Angela Crain and Kimberly Martin for denying adequate medical treatment to Plaintiff by failing to provide his prescribed medications and epidural steroid spine injection.

Count Four:   Eighth Amendment claim of deliberate indifference against Wexford Health Sources, Inc. for understaffing Menard, resulting in failures to provide Plaintiff his prescribed medications.

On May 26, 2023, the undersigned entered an Order finding Plaintiff had agreed to settle this matter with respect to Defendants Crain, Wills, and Martin (Doc. 67).  The Court directed Defendants Crain, Wills, and Martin to provide notice as to the status of payment of the settlement amount.

As a result of the Court's Order regarding Crain, Wills, and Martin, Plaintiff now proceeds in this action on one count of deliberate indifference against Wexford Health Sources, Inc.

Now before the Court is Plaintiff's Motion for Recruitment of Counsel (Doc. 69) and Motion to Convert Warden Wills Status from Individual Capacity to Official Capacity (Doc. 70).

As a preliminary matter, however, the Court addresses the Notice of Status filed by Defendants Crain, Wills, and Martin on June 1, 2023 (Doc. 71).  In this Notice, Defendants explain the settlement payment at issue was sent out and would have been deposited into Plaintiff's trust fund account on or about February 16, 2023, according to the Office of the Illinois Comptroller.  Based on this, the Court finds a sufficient basis to **DISMISS** Defendants Crain, Wills, and Martin with prejudice from this matter.  The Clerk of Court is directed to enter judgment in accordance with this Order against these Defendants at the close of this case.

Next, the Court considers Plaintiff's Motion to Convert Warden Wills Status from Individual Capacity to Official Capacity (Doc. 70).  In this motion, Plaintiff asks that Defendant Wills' status be changed from individual capacity to official capacity so that he may file a motion for preliminary injunction if the Court finds Plaintiff settled with Defendant Martin because, Plaintiff asserts, the warden is a proper defendant for carrying out injunctive relief.  Plaintiff also remarks that he sought injunctive relief in his complaint and he has continued to not receive his

prescribed medication. Plaintiff goes on to describe his medical treatment and related complaints in this motion and asserts that if he were able to move for injunctive relief he could be evaluated for surgeries and he would no longer need medication. Plaintiff asserts that a lawyer would be better suited to represent him and file the injunction he seeks. The Court notes that Plaintiff rests on the arguments made in this motion to support his Motion for Recruitment of Counsel (Doc. 69).

First, the Court has reviewed Plaintiff's complaint and agrees with Plaintiff that he sought injunctive relief. Insofar as this was not fully addressed in the threshold order (Doc. 10), the Court corrects this oversight and **ADDS** Defendant Warden Wills as a defendant only in his official capacity for purposes of implementing any injunctive relief that may be ordered. For clarification, this Order does not revive the claims brought against Wills in his individual capacity and these claims against Wills remain dismissed with prejudice. If Defendant Wills believes his presence in this case in his official capacity breaches the settlement agreement, he must file a brief to that effect in a notice to the Court.

Insofar as Plaintiff asserts that Wills is necessary so that he may seek an injunction related to the Court's Order regarding his settlement, the Court **ADVISES** Plaintiff that such relief is not properly sought by an injunction and there are other mechanisms available if he would like a review of said Order.

Next, the Court considers Plaintiff's request for recruitment of counsel arguing counsel is necessary because the complexity of the case will exceed his ability when Wills is converted to an official capacity defendant.

When presented with a request to appoint counsel, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear

competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

As an initial matter, the Court notes that Plaintiff has not met his threshold burden in attempting to recruit counsel on his own. Indeed, Plaintiff failed to make any mention of the efforts he underwent to contact and find an attorney to represent him. In order to sufficiently demonstrate his attempts to recruit counsel, Plaintiff must submit three attorneys' responses to his requests for representation, or, if no responses are received, copies of the letters he sent them. However, even if Plaintiff made a sufficient showing that he attempted to recruit counsel, the Court is not inclined to do so on his behalf at this time. Plaintiff's pleadings to date demonstrate an ability to articulate clearly and effectively, and communicate with the Court. While the Court acknowledges Plaintiff's concern that the complexity of the case will increase due to Wills' inclusion as an "official capacity" defendant, the Court finds this concern misplaced. The crux of Plaintiff's claims remain the same and Plaintiff's request for injunctive relief will not make this matter significantly onerous.

For these reasons, Plaintiff's Motion for Recruitment of Counsel (Doc. 69) is **DENIED** and Plaintiff's Motion to Convert Warden Wills Status from Individual Capacity to Official Capacity (Doc. 70) is **GRANTED IN PART AND DENIED IN PART**. The Court clarifies that Defendant Wills' status is not being "converted," but rather, Wills shall be added as a defendant only in his official capacity for purposes of injunctive relief. Finally, Defendants Crain, Martin, and Wills in his individual capacity are **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly at the close of this case.

**IT IS SO ORDERED.**

**DATED: June 30, 2023**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**