IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS THOMPSON, #B67474, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Case No. 22-cv-436-RJD |
| vs. | ) |
| | ) |
| KIMBERLY MARTIN, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Dennis Thompson, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brought this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. (Doc. 10). Plaintiff alleges he suffers from several health conditions that cause severe chronic pain, and staff at Menard failed to administer his medications and coordinate his medical appointments. (*Id.*). He requests injunctive relief, monetary damages, punitive damages, and court orders requiring the scheduling of medical appointments. (*Id.*).

After a preliminary review of Plaintiff's First Amended Complaint, Plaintiff proceeds on the following counts:

> **Count 4:** Eighth Amendment claim of deliberate indifference against Wexford and Wills in his official capacity for understaffing Menard's Health Care Unit, resulting in failure to provide Thompson his prescribed medication.
>
> **Count 6:** Eighth Amendment claim of deliberate indifference against Wills, in his official capacity, for adopting and implementing the "floating procedure" in administering prisoners' mental health and/or narcotic

> medication, resulting in failures to provide Thompson with his prescribed medications.

**Count 7:** Eighth Amendment claim of deliberate indifference against Wexford and Wills, in his official capacity, for understaffing Menard's Health Care Unit and for failing to prioritize prisoners' medical treatment based on the severity or urgency of their medical conditions, resulting in Plaintiff not timely receiving the prescribed epidural steroid spine injection.

**Count 8:** Eighth Amendment claim of deliberate indifference against Wexford and Wills, in his official capacity, for understaffing Menard's Health Care Unit and for failing to prioritize prisoners' medical treatment based on the severity or urgency of their medical conditions, resulting in Plaintiff not having received treatment for his severe spinal stenosis, degenerative disc disease, and remaining herniations after December 1, 2022.

(Doc. 88).

This matter comes before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. 89), Motion for Preliminary Injunction (Doc. 91), Motion for Leave to Brief (Doc. 96), Motion to Supplement (Doc. 97), Motion to Stay (Doc. 98), Motion to Strike (Doc. 104), Motion to Clarify (Doc. 105), Motion for Extension of Time to Complete Discovery (Doc. 106), and Motion to Correct Motion to Strike (Doc. 107). It also comes before the Court on Defendant's Motions for Leave to File Reply (Doc. 93). The Court has reviewed the aforementioned motions and any responses thereto and sets forth its rulings as follows.

**Motion for Leave to Brief the Court (Doc. 96)**

On October 11, 2023, the Court was advised that Defendant Martin passed away unexpectedly on June 29, 2023, a day before this Court entered an Order dismissing all claims against her. (*See* Doc. 88). Defendant Martin's dismissal came after she sought enforcement of the settlement agreement entered between Plaintiff and some of the state defendants in this case, which the Court found effectively released Plaintiff's claim against Martin, too. (*See Id.*). Thereafter, Plaintiff filed a motion for reconsideration of the Court's ruling, which the Court

denied. (*See Id.*). Plaintiff further filed a Motion to Substitute Martin's Estate as a Defendant (Doc. 87). The Court denied the motion because it did not state whether an estate had been opened for Defendant Martin and did not provide a proper party for substitution. (Doc. 88). The Court directed Martin's counsel to advise Plaintiff whether an estate had been opened for Kimberly Martin or, if possible, to provide the identity of her personal representative that could be substituted in place of the deceased defendant. The Court further set a deadline of March 29, 2024, for Plaintiff to file a motion for substitution of Defendant Martin. On March 27, 2024, Plaintiff filed his Motion for Leave to Brief the Court (Doc. 96) in which he asked the Court to vacate the deadline set to file a motion to substitute and conceded that all claims he raised against Defendant Martin were settled pursuant to the Settlement Agreement entered between the Plaintiff and the State Defendants. Plaintiff's Motion for Leave to Brief the Court (Doc. 96) is **GRANTED,** and the deadline this Court set for the substitution of Defendant Martin is hereby **VACATED**.

**Motion for Temporary Restraining Order (Doc. 89), Motion for Preliminary Injunction (Doc. 91), Motion for Leave to Brief (Doc. 96), Motion to Supplement (Doc. 97), Motion to Stay (Doc. 98), Motion to Strike (Doc. 104), Motion to Correct Motion to Strike (Doc. 107) and Defendant's Motions for Leave to File Reply (Doc. 93)**

On February 1, 2024, Plaintiff filed a Motion for Temporary Restraining Order claiming that non-party Dr. Babich canceled Plaintiff's permit to use crutches and his prescription for Tramadol out of retaliation for filing grievances. (Doc. 89 at 3). Plaintiff requested the reinstatement of his permit for crutches and the reinstatement of his prescriptions for Tramadol and Robaxin. (*Id.* at 13). On February 14, 2024, and while his Motion for Temporary Restraining Order was pending, Plaintiff filed a Motion for Preliminary Injunction wherein he alleged again that a non-party medical doctor canceled Plaintiff's permit to use crutches and prescriptions for Robaxin and Tramadol out of retaliation for filing grievances. (Doc. 91 at 6).

Plaintiff sought the following injunctive relief:

    a. Reinstatement of his permit for crutches;

    b. Reinstatement of prescriptions for Tramadol and Robaxin or, in the alternative that he be administered Toradol pain injection;

    c. The crush and float procedure be stopped at the prison;

    d. Referral to an orthopedic surgeon for an MRI of his entire spine;

    e. Prioritization of his surgery consultation due to the severity of his condition;

    f. Referral for pain injections in his knees and shoulders;

    g. The Illinois Department of Corrections Insurance pays for weight loss treatment;

    h. Alternatively, Plaintiff sought to be transferred to a facility that specializes in overweight patients.

(Doc. 91 at 16).

Defendant Wexford filed a response in opposition to the Motion for Temporary Restraining Order arguing, *inter alia*, that Plaintiff's motion must be denied because the requested injunctive relief (protection against retaliatory removal of crutches and medication) is unrelated to the deliberate indifference claims on which Plaintiff proceeds in this case.  (Doc. 92 at 4).  Thereafter, Plaintiff filed a Motion for Leave to File a Reply in Support of his Motion for Temporary Restraining Order, in which he provided additional allegations in support of his request for preliminary injunction and suggested that the Court treat his Motion for Temporary Restraining Order as being merged into his Motion for Preliminary Injunction.  (Doc. 93). Defendant Wexford filed a response in opposition to Plaintiff's Motion for Preliminary Injunction, raising substantially the same grounds for denial as those raised in its response to Plaintiff's Motion for Temporary Restraining Order.  (Doc. 95).  While Plaintiff's motions for

injunctive relief were still pending, Plaintiff filed a Motion to Supplement Doc. 96 (Doc. 97).[1] In his motion, he advised the Court that his crutches permit had still not been reinstated, resulting in infection of open wounds on his calves. (*Id.* at 1). He asked that the Court consider this information in its ruling on his pending motions for injunctive relief. (*Id.*).

Thereafter, Plaintiff filed his Motion to Stay Doc. 91 (Preliminary Injunction) (Doc. 98). Plaintiff the Court to stay its ruling on Plaintiff's motions seeking injunctive relief and that Plaintiff be allowed to file "second supplement" by September 26, 2024. Plaintiff explained that he intended to strike some portions of his requests for preliminary injunction as they would more appropriately been addressed in a separate lawsuit. (Doc. 98 at 5). He further explained that he intended to refile his motion for preliminary injunction and supplement it with additional supportive case law that was recently issued. (*Id.* at 2-4). Plaintiff then filed his Motion to Strike (Doc. 104) in which he asked that the Court strike a portion of his preliminary injunction (Doc. 91). He advised the Court that his crutch permit was reinstated in February 2024 and that Menard's new medical director examined Plaintiff's shoulder, spine, and knee MRI/X-rays, restored Plaintiff's Tramadol prescription, and increased Plaintiff's anti-inflammatory prescription. (*Id.* at 3). Given that those issues had been resolved, Plaintiff sought to strike the relevant portions of his motion for preliminary injunction. (*Id.*). Plaintiff indicated, however, that he did not intend to fully withdraw his motion in light of several off-site consultations that had already been approved since September of 2023 but had not yet been scheduled. (*Id.* at 4-5). Finally, Plaintiff filed his Motion to Correct Motion to Strike (Doc. 107). Plaintiff advised the Court that in his "Motion to Strike Portion of Preliminary Injunction" (Doc. 104), he only

---

[1] It appears that Plaintiff mistitled this motion since Doc. 96 is Plaintiff's Motion for Leave to Brief concerning substitution of Defendant Martin and is not related to his request for injunctive relief.

purported to omit those portions of his Motion for Preliminary Injunctions in which he sought relief that had already been satisfied or resolved. He asked that the Court provide Plaintiff with an order and date to file an amended motion for preliminary injunction. In the amended motion, Plaintiff intends to restate the portions of his Motion for Preliminary Injunction that have not been resolved or satisfied. He noted that a response by the Defendants to said motion will not be necessary.

Plaintiff is right that to the extent his requests for preliminary injunction have been satisfied, his Motion for Temporary Restraining Order (Doc. 89) and Motion for Preliminary Injunction (Doc. 91) have been rendered moot. This, however, does not resolve the numerous issues Plaintiff raised in the series of his voluminous motions and filings. There remain several unresolved requests for preliminary injunction, some of which appear to be related to his claims, while others are not. It is also problematic that Plaintiff has essentially requested to withdraw his motions and refile them in the future, which may defeat one of the requirements for a preliminary injunction: that Plaintiff is likely to suffer irreparable harm in the absence of preliminary relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."). What becomes apparent, however, is that the complexity of this case has risen to a level that exceeds Plaintiff's ability to "coherently present it to the judge or jury himself." The plaintiff has adopted a piecemeal approach in prosecuting his claims, filing repetitive voluminous motions, attempting to strike portions of those motions by filing new ones, and adding more claims and requests for injunctive relief. This is not an effective way to

communicate with the Court and prosecute this case.

In the past, Plaintiff had filed two motions for the recruitment of counsel (Doc. 69 & Doc. 78). In his latest motion, Plaintiff argued that the appointment of counsel was necessary because he anticipated seeking injunctive relief, which would complicate the case beyond his ability to properly prosecute it on his own. (Doc. 78). He further suggested that he could not adequately represent himself because his underlying medical condition of degenerative joint/disc disease, chronic muscle spasms, possible cervical herniation, and rheumatoid arthritis had impaired his ability to write, and his medication had deteriorated his memory and concentration. (*Id.*). The Court had found that Plaintiff had made reasonable but unsuccessful attempts to obtain counsel individually. (Docs. 72 & 88). Nonetheless, the Court had denied the appointment of counsel because, up to that time, Plaintiff had demonstrated an ability to properly and clearly communicate with the Court. (*Id.*).

Under Local Rule 83.9, the Court has the authority to assign counsel sua sponte or reconsider assigning counsel at any time. SDIL-LR 83.9(a)(2). In deciding whether the appointment of counsel is proper, the Court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). As set forth above, Plaintiff had recently demonstrated his reasonable attempts to recruit counsel on his own. (Doc. 88). Turning to the second prong of the test, Plaintiff has argued that the complexity of the case has increased due to him seeking injunctive relief, exceeding his ability to litigate this case. Requests for injunctive relief in and of themselves do not necessarily increase the complexity of a case. In this multi-count case, however, it appears that Plaintiff has been unable to effectively

communicate to the Court, especially as it relates to his requests for preliminary injunction. As set forth above, Plaintiff filed a series of voluminous motions seeking all sorts of requests, some of which appear to be related to his claims, while others are not. He has adopted a piecemeal approach, trying to strike portions of his motions while filing new motions and seeking additional injunctive relief. This is not an effective way to communicate with the Court and prosecute this case. In light of the current posture of this case, the potential complexity of the medical issues and claims, and Plaintiff's attested handwriting, memory, and concentration issues, the Court finds that the difficulty of this case has now exceeded Plaintiff's ability to "coherently present it to the judge or jury himself." *See Pruitt*, 503 F.3d at 655.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), Richard S. Cornfeld of the law firm Goldenberg Heller & Antognoli, P.C. is **ASSIGNED** to represent Plaintiff Dennis Thompson in this civil rights case. On or before **August 5, 2024**, assigned counsel shall enter his appearance in this case. Attorney Cornfeld is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Cornfeld. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.[2] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However, if after the assignment counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

As of this date, Plaintiff's contact information is:

---

[2] https://www.ilsd.uscourts.gov/Forms/AdminOfDistrictCourtFund.pdf.

MENARD CORRECTIONAL CENTER
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259

In light of the appointment of counsel, the Court **DENIES** without prejudice Plaintiff's Motion for Temporary Restraining Order (Doc. 89) and Motion for Preliminary Injunction (Doc. 91). The assigned counsel will evaluate Plaintiff's case and determine any further course of action, including the renewal of the motion for preliminary injunction.  For the same reason, Plaintiff's Motion for Leave to Brief (Doc. 96), Motion to Supplement (Doc. 97), Motion to Stay (Doc. 98), Motion to Strike (Doc. 104), Motion to Correct Motion to Strike (Doc. 107) are also **DENIED without prejudice.**   Defendant's Motions for Leave to File Reply (Doc. 93) is **DENIED as moot.**

**Motion to Clarify (Doc. 105)**

Plaintiff filed his Motion to Clarify (Doc. 105) apprising the Court of a discovery dispute with Defendant Wills and asking the Court to clarify whether he is entitled to propound written discovery requests to the latter. It appears that Plaintiff sent out written discovery requests to Defendant Wills relevant to this injunctive relief claim.  Defendant Wills's counsel sent out correspondence to Plaintiff refusing to respond to the discovery requests because Wills is, in this case, only in his official capacity for purposes of carrying out any order for injunctive relief. (*See* Doc. 105 at 5).    Wills did not respond to the motion.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."  FED. R. CIV. P. 26. "Unless otherwise stipulated or ordered by the court, a party may serve [interrogatories] *on any other party* . . . ."  FED. R. CIV. P. 33(a) (emphasis added).   "A party may serve [requests for

production of documents] on *any other party.*"  FED. R. CIV. P. 34(a)  (emphasis added). Defendants brought into prisoner cases only for purposes of carrying out injunctive relief are routinely served with discovery requests, and the Court is unaware of any authority that would support Defendant Wills's objection on those grounds.  *See, e.g.*, *Thompson v. Illinois Dep't Correction*, No. 3:15-CV-850-NJR-DGW, 2017 WL 8285305, at *1 (S.D. Ill. Aug. 22, 2017) (granting plaintiff's motion to compel and ordering defendant warden added to the case for carrying out injunctive relief to fully respond to plaintiff's interrogatories).  Accordingly, Plaintiff's Motion to Clarify (Doc. 105) is **GRANTED**.  The Court clarifies that Wills's status as a defendant in this case only in his official capacity and for purposes of carrying out injunctive relief does not appear to be a proper objection to discovery requests.  However, the Court notes that Plaintiff has not attached the relevant written discovery requests for the Court's review and did not request that Wills be compelled to respond to them.  Should there be a need in the future, Plaintiff can evaluate any further steps he might need to take along with his appointed counsel. At this time, the Court will not enter an order compelling Wills to respond to the propounded discovery requests.

**Motion for Extension of Time to Complete Discovery (Doc. 106)**

Plaintiff filed a motion requesting that the discovery cut-off, which is currently on August 26, 2024, be extended for one month to allow the parties to resolve ongoing discovery disputes. Plaintiff represents that he has propounded written discovery to Defendants and that Defendants have objected to a substantial portion of them.  Given that there are more than 40 days until the discovery cut-off, and the Plaintiff has now been appointed a counsel, the Motion for Extension of Time to Complete Discovery (Doc. 106) is **DENIED** without prejudice.  Plaintiff's counsel will evaluate this case and may renew the motion for an extension of time to complete discovery.

**Conclusion**

The following motions filed by Plaintiff are **DENIED without prejudice**:

Motion for Temporary Restraining Order (Doc. 89);

Motion for Preliminary Injunction (Doc. 91);

Motion to Supplement (Doc. 97);

Motion to Stay (Doc. 98);

Motion to Strike (Doc. 104);

Motion for Extension of Time to Complete Discovery (Doc. 106); and

Motion to Correct Motion to Strike (Doc. 107).

The following motions filed by Plaintiff are **GRANTED**:

Plaintiff's Motion for Leave to Brief the Court (Doc. 96); and

Plaintiff's Motion to Clarify (Doc. 105).

Richard S. Cornfeld of the law firm Goldenberg Heller & Antognoli, P.C. is **ASSIGNED** to represent Plaintiff Dennis Thompson in this civil rights case.  On or before **August 5, 2024**, assigned counsel shall enter his appearance in this case.  The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Cornfeld.  Defendant's Motions for Leave to File Reply (Doc. 93) is **DENIED as moot.**  The deadline this Court set in its Order (Doc. 88) for the substitution of Defendant Martin is hereby **VACATED**.

**IT IS SO ORDERED.**

**DATED: July 22, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**